UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 27 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

DESHQUIC FITZGERALD, on
his own behalf and on behalf of
those similarly situated,

    Plaintiffs,

vs.

COMMUNICATIONS
UNLIMITED, INC.,

    Defendant.
_____/

CASE NO.:
1 12-CV-1461

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, DESHQUIC FITZGERALD, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, COMMUNICATIONS UNLIMITED, INC., a Georgia Corporation ("Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1

## I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every cable installer who worked for the Defendant at any time within the past three (3) years.

## II. PARTIES

3. Plaintiff was a cable installer and performed related activities for Defendants in Lawrenceville, Georgia - Gwinnett County.

4. Defendant, COMMUNICATIONS UNLIMITED, INC., provides cable services and has its headquarters in Gwinnett County, Georgia, and therefore venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## III. JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV. COVERAGE

7. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

10. Defendant provides cable installation to charters.

11. Plaintiff, DESHQUIC FITZGERALD, worked as a cable installer ("installer") for Defendant.

12. Plaintiff worked in this capacity from approximately May 5, 2011 through July 8, 2011.

13. Plaintiff was paid a "piece rate" method of compensation in exchange for work performed.

14. Specifically, Plaintiff's wages was based on the job performed, not the amount of hours worked whether Plaintiff worked more or less than forty hours.

15. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

16. Virtually all of the cable installers work well over forty (40) hours per week without overtime compensation.

17. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

18. Defendant has employed and is employing other individuals as cable installers who perform(ed) the same or similar job duties under the same pay provision as Plaintiffs and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff and the class members performed the same or similar job duties as one another in that they provided cable installation services for Defendant.

20. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid by the job and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages as Plaintiff.

21. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that cable installers are paid for overtime hours worked.

22. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All cable installers who worked at Defendant within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek**

23. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

24. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

25. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

26. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked

7

overtime hours but was/were not paid time and one half compensation for same.

29. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him/them;

8

c)  Liquidated damages;

d)  Reasonable attorneys' fees and costs incurred in this action;

e)  A declaration that Plaintiff and the Opt-in Plaintiffs were employees of Defendant under the terms of the FLSA and not independent contractors.

f)  Reimbursement of self-employment tax unnecessarily paid by Plaintiffs as a result of their misclassification;

g)  Pre- and post-judgment interest as provided by law;

h)  Trial by jury on all issues so triable;

i)  Any and all further relief that this Court determines to be appropriate.

Dated this 30th day of March, 2012.

Respectfully submitted by,

_____
Deirdre M. Stephens, Esquire
GABN: 678789
The Law Office of Deidre M. Stephens-Johnson
4567 Rockbridge Rd #1537
Pine Lake, GA 30072
Telephone: (404) 537-3002
Facsimile: (404) 537-3003
Email: dsjohnsonlaw@gmail.com
Attorneys for Plaintiff

CVL/rwm
1425850