UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESHQUIC FITZGERALD, on his own behalf and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C.U. EMPLOYMENT, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: 1:12-CV-01461-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT PETITION FOR SETTLEMENT APPROVAL
AND ENTRY OF FINAL JUDGMENT**

The Parties, by and through counsel, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., respectfully petition this Court to (1) approve their settlement of this action, (2) approve the release of certain FLSA claims, and (3) dismiss this action with prejudice. In support of this Joint Petition, the Parties represent to the Court the following:

**I.     Procedural Posture**

1. On April 27, 2012, Plaintiff Deshquic Fitzgerald filed a complaint against Communications Unlimited, Inc., alleging violations of the FLSA. (Doc. 1). Plaintiff filed an Amended Complaint on August 7, 2012, adding Defendant C.U. Employment, Inc. ("CUEI"), Fitzgerald's properly named employer. (Doc. 9).

Plaintiff later dismissed Communications Unlimited, Inc. (Doc. 11), leaving CUEI as the only remaining Defendant.

2.  Two "Consent to Join Collective Action" opt-in forms also have been filed in this matter. Lovett Brooks filed his opt-in form on May 2, 2012. (Doc. 4). Jones Ampratwum[1] filed his opt-in form on January 9, 2013. (Doc. 24). No other opt-in forms have been filed, and the case has not been certified as a collective action.[2]

## II.   The Parties' Claims and Defenses

3.  CUEI provides cable, telephone and internet installation services for cable companies. Plaintiffs were cable installers and technicians ("Technicians") and allege that they were employed by CUEI. Plaintiffs claim they routinely worked over 40 hours per week without receiving overtime compensation in violation of the FLSA.

4.  CUEI denies that it violated the FLSA. CUEI pays Technicians on a piece rate basis, including paying Technicians overtime in the event they work over 40 hours in a week. Overtime pay is calculated by dividing the total production for the week by the total number of hours worked, which produces an effective hourly rate for the week. Technicians then receive a premium of one-half their effective hourly rate for each overtime hour worked. *See* 29 C.F.R. §§

---

[1] Ampratwum's name is incorrectly spelled Ampratrum on the Notice.

[2] For purposes of this Joint Petition, the opt-ins shall be referred to as Plaintiffs.

778.111(a), 778.318(c). CUEI's pay system has been audited by the United States Department of Labor and was found to be in compliance with the FLSA.

5. Plaintiff Fitzgerald, who worked for CUEI for approximately three months, was paid by CUEI under the piece-rate system described above. As part of that system, Fitzgerald was required to record his time each day, including the time he arrived at the warehouse or started a job, the time he left the warehouse or ended a job, and the travel time between jobs or between the warehouse and jobs. At the end of each week, Fitzgerald signed a time sheet reflecting the total hours worked, and certifying that his time sheet was accurate. CUEI contends that Fitzgerald never recorded more than 40 hours worked in a single week.

6. With respect to Plaintiffs Brooks and Ampratwum, CUEI denies that they ever were employed by CUEI. Rather, CUEI contends that at all times Brooks and Ampratwum were independent contractors, including for periods of time as independent contractors of Communications Unlimited Marketing, Inc., a subcontractor of CUEI that is a separate and distinct entity from CUEI. Brooks and Ampratwum were compensated by Communications Unlimited Marketing, Inc. pursuant to a piece rate system similar to the one used by CUEI.

7. This is not a case where liability is conceded by CUEI and the calculation of damages is the only remaining issue. Rather, CUEI maintains that it

is not liable to Plaintiffs in any respect.[3]  Likewise, this is not a case in which the Parties agree that the Plaintiffs worked more than 40 hours in a week but dispute liability.  Instead, CUEI contends that the time records signed by Fitzgerald, and other facts, clearly show that he worked less than 40 hours in a week.

8.     Nevertheless, in an effort to avoid further expenses associated with the litigation of this action and any appeal or post-verdict motions that may be filed, the Parties have reached a comprehensive settlement addressing any claims Plaintiffs have or may have against CUEI, Communication Unlimited, Inc., and/or Communications Unlimited Marketing, Inc.

### III.   The Proposed Settlement

9.     Except as a result of a final judgment after trial on the merits, a compromise settlement of an FLSA claim generally will not constitute a valid waiver of FLSA claims unless the settlement is supervised (1) in an administrative process by the Wage and Hour Administrator of the United States Department of Labor, or (2) by judicial approval of a compromise settlement, entered as a final judgment in an action brought under the FLSA.  *See*, *e.g.*, *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-53 (11th Cir. 1982).  The Parties therefore seek Court approval of their settlement.

10.    The highlights of the Parties' settlement are as follows:

---

[3] CUEI's answer contains defenses in addition to those addressed herein.

- The Plaintiffs have submitted a calculation of their alleged damages to CUEI. According to those calculations, the three Plaintiffs are collectively owed a total of $10,793.86 in back pay and an equal amount in liquidated damages, totaling $21,587.72.

- After a period of negotiations through counsel, the Parties have agreed to settle Plaintiffs' claims for a total of $17,500.00. Those funds are to be allocated as follows:

  Deshquic Fitzgerald: $1,500.00

  Lovett Brooks: $4,500.00

  Jones Ampratwum: $4,000.00

  Morgan & Morgan, P.A. (for attorneys' fees and expenses): $7,500.00, allocated as $2,500.00 for each Plaintiff.

- The total settlement amount is over 80% of all alleged back pay and liquidated damages.

- The total amount allocated to Plaintiffs is over 92% of the alleged overtime back pay.

- The Parties have executed separate settlement agreements that include a general release of all claims against CUEI, Communications Unlimited, Inc., and Communications Unlimited Marketing, Inc. The settlement agreements also address other issues such as confidentiality.

11. Plaintiffs acknowledge and represent that they and their attorneys carefully reviewed all of their relevant time records when calculating their alleged damages and negotiating the proposed settlement. Plaintiffs also acknowledge that it is their desire to resolve any claims against Communications Unlimited, Inc., and Communications Unlimited Marketing, Inc., as well as CUEI.

12. The Parties believe that the proposed settlement is fair and reasonable,

and that it is in their best interests to settle this action on the terms outlined herein. Specifically, the Parties believe that the proposed settlement is fair and reasonable for the following reasons:

- CUEI disputes that Plaintiffs are owed any overtime at all. CUEI maintains that its piece rate system is valid, and that two of the three Plaintiffs were independent contractors, not employees. One potential outcome of a trial on the merits, therefore, is that Plaintiffs will recover nothing.

- CUEI also maintains that Plaintiffs' calculation of overtime hours worked is inflated. Another potential outcome is that, even if Plaintiffs are correct about liability, they will receive nothing or significantly less than they claim as damages.

- Despite these potential outcomes, each Plaintiff is receiving over 50% of their alleged backpay under the proposed settlement.

- The Parties desire to avoid the additional costs and fees associated with continuing discovery and a trial on the merits, particularly given the amount of potential damages at issue.

- Each Party is represented by legal counsel who in good faith negotiated the final proposed settlement.

13. In light of the foregoing, the Parties respectfully request that the Court approve their settlement as fair and reasonable, and that the Court further approve the release of any and all FLSA claims by Plaintiffs against CUEI, Communications Unlimited, Inc., and/or Communications Unlimited Marketing, Inc. The Parties also request that this action be dismissed, with prejudice, costs taxed as paid.

Respectfully submitted this the 1st day of March, 2013.

 *s/ M. Jefferson Starling, III*
M. Jefferson Starling, III
Georgia Bar No. 676676
Brentley T. Cobb
(*Pro Hac Vice*)

**Balch & Bingham, LLP**
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799
Email:  jstarling@balch.com
          bcobb@balch.com

Christopher Scott Anulewicz
Georgia Bar No. 020914

**Balch & Bingham, LLP**
30 Ivan Allen Jr. Blvd., NW
Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
Email:  canulewicz@balch.com

*s/ Carlos V. Leach (with consent)*
Carlos V. Leach
(*Pro Hac Vice*)
**Morgan & Morgan, P.A.-FL**
P.O. Box 4979
20 North Orange Avenue
Suite 1600
Orlando, FL 32802
Email: cleach@forthepeople.com

Deirdre M. Stephens-Johnson
Georgia Bar No. 678789
**The Law Office of Dierdre M. Stephens-Johnson, LLC**
4567 Rockbridge Road # 1537
Pine Lake, GA 30072
Email: dsjohnsonlaw@gmail.com